This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

    Plaintiff-Appellant,

v.    **NO. 29,794**

**BERNARD BACA,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellant

Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

The State appeals the district court's order denying its two motions in limine seeking to admit hearsay statements of the child victim (Child) to Child's foster mother (Foster Mother), Child's therapist, and a nurse who examined Child. We reverse and remand.

**BACKGROUND**

Defendant was charged with ten counts of criminal sexual penetration or criminal sexual contact with a minor and two counts of child abuse. The allegations stemmed from Child's disclosure in 2004 to Foster Mother of sexual abuse allegedly perpetrated by Defendant, Child's father. Child was four years old at the time of the disclosure. Foster Mother reported the allegations to CYFD as required by law and took Child for a medical examination.

Child was examined by Mary Dentz, R.N., a pediatric nurse practitioner specializing in the diagnosis and treatment of sexual abuse in children. Foster Mother told Dentz about Child's medical history and also described what Child had told her about the abuse. Dentz spoke to Child directly, and Child repeated to Dentz the alleged abuse by Defendant.

As a result of the abuse, Child began therapy with Carol Wolvington, a licensed social worker. In 2005, Child described the abuse to Wolvington and told Wolvington that Child's father had put his fingers inside her vagina. This was the only time Child

discussed the abuse in the context of her therapy. Wolvington broached the subject again three years later, but Child was unwilling to discuss it.

Prior to trial, the State filed two motions in limine seeking a pretrial ruling on the admissibility of certain statements made by Child to Foster Mother, Dentz, and Wolvington. The district court denied the State's motions and barred the State from using any of the statements that were the subject of the motions. This appeal timely followed.

**DISCUSSION**

"Generally speaking, a reviewing court defers to the trial court's decision to admit or exclude evidence and will not reverse unless there has been an abuse of discretion. However, our review of the application of the law to the facts is conducted de novo." *State v. Martinez*, 2008-NMSC-060, ¶ 10, 145 N.M. 220, 195 P.3d 1232 (internal quotation marks and citation omitted). This appeal specifically concerns a "legal question of whether [the trial court] correctly held that the purpose of the interview controls the admissibility of all statements made during a [medical] interview under Rule 11-803(D) [NMRA]." *State v. Mendez*, 2010-NMSC-044, ¶ 15, 148 N.M. 761, 242 P.3d 328 (internal quotation marks and citation omitted). "A misapprehension of the law upon which a court bases an otherwise discretionary evidentiary ruling is subject to de novo review." *Martinez*, 2008-NMSC-060, ¶ 10.

3

We review the proceedings in the district court in some detail. In its motions in limine, the State sought the admission of certain hearsay statements regarding the abuse and identifying Defendant as the perpetrator. The first motion sought a ruling on the admissibility of Child's statements to Foster Mother and Foster Mother's statements to Dentz. The State argued that the statements of Foster Mother to Dentz, including statements regarding Defendant's identity, are admissible under Rule 11-803(D) as statements made for the purposes of medical diagnosis and treatment. The State further argued that admission of the statements would not violate Defendant's confrontation rights because they were nontestimonial in nature and that they were not made to, or obtained by or at the direction of, law enforcement personnel.

The State's second motion sought to admit the hearsay statements of Child to Wolvington. The State noted that Wolvington is licensed to diagnose and treat mental health and behavioral disorders and that the statements Child made to her are admissible under Rule 11-803(D). In addition, the State asserted that the statements were nontestimonial because they were made to a counseling professional and were not solicited from Child for purposes of court testimony. We note that neither motion is clear about whether the witnesses needed the information for purposes of treatment and diagnosis or what they might have testified to regarding the need to know the identity of the perpetrator. Defendant did not file a written response to either motion.

4

At the argument before the district court, the State reiterated the arguments set forth in its briefs. Defendant responded that because Child's statements were made to a SANE nurse, they were precluded under *State v. Ortega*, 2008-NMCA-001, 143 N.M. 261, 175 P.3d 929, *overruled by Mendez*, 2010-NMSC-044. Defendant also argued that Child's statements were testimonial and, therefore, violated his rights under the Confrontation Clause. The parties submitted proposed findings of fact and conclusions of law.

At a subsequent hearing, the district court denied both of the State's motions. The district court stated that it had "basically adopted, with some changes, [D]efendant's proposed findings of fact [and] conclusions of law[.]" Although not entirely clear, it appears that the district court agreed with Defendant's argument that the testimony would violate Defendant's rights under the Confrontation Clause, stating, "I just found that to proceed as the State suggested would do violence to [D]efendant's confrontation rights, facing serious charges and not having confrontation of the accuser." The court then issued its order finding that none of Child's statements were made for purposes of medical diagnosis or treatment under Rule 11-803(D) and that Defendant's confrontation rights would be violated by the introduction of Child's statements.

On appeal, the State contends that the district court erred in not permitting Mary Dentz to testify as to the statements Child made to Foster Mother who repeated the statements to Dentz, as well as statements Child made to Dentz. The statements include specific instances of abuse and identification of the perpetrator. The State also contends that the district court improperly denied the testimony of Carol Wolvington, which included Child's statements about one type of abuse and the identity of the perpetrator. Specifically, the State asserts that the district court should have evaluated the statements made by Child to Foster Mother to Dentz, and by Child to Wolvington under Rule 11-803(D), instead of proceeding directly to a Confrontation Clause analysis. We agree with that State that under our Supreme Court's most recent pronouncement in *Mendez*, this was error. We explain.

It is well established that "[t]he hearsay rule excludes from admissible evidence statements that are inherently untrustworthy because of the risk of misperception, failed memory, insincerity, ambiguity, and the like." *Mendez*, 2010-NMSC-044, ¶ 19. There are, however, numerous exceptions to the hearsay rule, including Rule 11-803(D) which provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .

6

Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

In *Mendez*, which was filed shortly before the State submitted its reply brief, our Supreme Court overruled *Ortega* in part and clarified existing law for applying Rule 11-803(D) as it relates to the admissibility of hearsay statements elicited from a victim of sexual abuse during a SANE exam.[1] *Mendez*, 2010-NMSC-044, ¶ 1. *Mendez* stated that *Ortega* "conflated the criteria for Confrontation Clause analysis and hearsay under Rule 11-803(D)[.]" *Mendez*, 2010-NMSC-044, ¶ 26. Thus, the Court rejected "the notion that statements [made for the purpose of medical diagnosis and treatment] can be categorically excluded based on the professional status or affiliation of the individual to whom the statement is made." *Id.* ¶ 41. As with *Ortega*, Defendant's assertion here—that Child's statements are categorically inadmissible—is also contrary to *Mendez*.

*Mendez* explained that "[t]wo underlying rationales traditionally animate Rule 11-803(D)." *Mendez*, 2010-NMSC-044, ¶ 20. The first rationale is the help-seeking

---

[1]In this case, defense counsel argued that under *Ortega*, Child's statements should be excluded because they were made to a SANE nurse. To the extent that the district court found Child's statements were made in the context of a SANE exam, it erred. The State repeatedly argued that this was not a SANE exam, and we have found no evidence in the record to suggest that such an examination occurred with either Dentz or Wolvington.

motivation, and the second is referred to as pertinence. *Id.* ¶¶ 20-21. Under the first rationale, "the declarant's self-interest in obtaining proper medical attention renders the usual risks of hearsay testimony . . . minimal when associated with medical treatment." *Id.* ¶ 20 (alteration in original) (internal quotation marks and citation omitted). Under the second rationale, "if a statement is pertinent to a medical condition, such that a medical care provider reasonably relies upon it in arriving at a diagnosis or treatment, the statement is deemed sufficiently reliable to overcome hearsay concerns." *Id.* ¶ 21. "Trustworthiness can be established under either rationale alone, or some degree of both. In any event, trial courts are best suited to consider the relevant facts and circumstances of a given case in order to make the ultimate determination." *Id.* ¶ 23. It is against this backdrop that *Mendez* requires trial courts to closely scrutinize the exchange between the medical provider and patient "to determine the statement's overall trustworthiness under Rule 11-803(D) in light of the two rationales." *Mendez*, 2010-NMSC-044, ¶ 42. In other words, the trial court must "carefully parse each statement made to a [medical provider] to determine whether the statement is sufficiently trustworthy." *Id.* ¶ 43.

In this case, the hearsay statements that the State seeks to admit can be divided into two categories. The first is Dentz and Wolvington's testimony concerning

8

Child's statements regarding the nature of the sexual abuse.[2]  The second is Dentz and Wolvington's testimony regarding Child's identification of Defendant as the perpetrator of the abuse.  We review each category and give guidance to the district court to evaluate the admissibility of each as follows.

As to the first category, *Mendez* provides that a "patient's account of what happened to her body helps medical care providers determine the best way to proceed in diagnosing and ultimately treating any injury." *Id.* ¶ 48.  *Mendez* further provides that statements elicited from a victim of sexual abuse by a medical provider concerning the nature of any body-to-body contact involved in the abuse and any bodily sensations experienced by the victim may, under the context and circumstances, relate directly to the victim's help-seeking motivation and be pertinent to medical diagnosis and treatment.  *Id.* ¶¶ 44-45.

Having only a limited record before us, we are unable to determine the admissibility of Child's statements concerning the nature and scope of the abuse under Rule 11-803(D).  There is no evidence of whether the witnesses needed the Child's statements for purposes of diagnosis and treatment other than the State's argument that this is so.  Accordingly, we remand to the district court to exercise its discretion

---

[2]We recognize that Child's statements to Foster Mother and Foster Mother's statements to Dentz contain double hearsay, and the admissibility of each must be evaluated accordingly.

9

in a manner consistent with the direction set forth in *Mendez*. This requires the district court to "sift[] through statements, piece-by-piece" and "to evaluate the trustworthiness of each of [Child's] statements, taking into consideration [Child's] help-seeking motivation and the pertinence of such statements to medical diagnosis or treatment." *Mendez*, 2010-NMSC-044, ¶ 46.

With regard to the second category of testimony—Child's identification of Defendant as the perpetrator of the sexual abuse—*Mendez* instructs that generally "statements of fault or identity are inadmissible under the hearsay exception for purposes of medical diagnosis or treatment because they are not pertinent to treatment or diagnosis." *Id.* ¶ 52. However, *Mendez* also notes that a victim's statements involving the identification of the abuser may be admissible under Rule 11-803(D) where the identity of the abuser is pertinent to psychological treatment or where treatment involves separating the victim from the abuser. *Mendez*, 2010-NMSC-044, ¶ 53.

As with the testimony concerning the nature and scope of the abuse, above, the record on appeal is inadequate for this Court to resolve whether Child's identification of the abuse is admissible. On remand, therefore, we instruct the district court to evaluate Child's statements and determine their admissibility utilizing the proper analysis. Specifically, the district court "must carefully consider . . . whether [Child's]

10

statement naming Defendant as her abuser merits admission under Rule 11-803(D)." *Mendez*, 2010-NMSC-044, ¶ 53.

As we have noted, the district court in this case denied the State's motions in limine and excluded the testimony of Dentz and Wolvington on Confrontation Clause grounds without first determining whether Child's statements were testimonial. We do not reach the parties' Confrontation Clause argument, however, because that issue is dependent on the outcome of the district court's ruling on the admissibility of Child's statements under Rule 11-803(D). *See Whorton v. Bockting*, 549 U.S. 406, 419-20 (2007) (holding that the Confrontation Clause applies exclusively to testimonial statements and has no application to nontestimonial statements). We remind the district court that *Mendez* did not overrule *Ortega*'s holding with respect to the constitutional issues raised under the Confrontation Clause. *Mendez*, 2010-NMSC-044, ¶ 55 (stating that its discussion was limited to the admissibility of statements under Rule 11-803(D)). Therefore, should the district court reach the parties' Confrontation Clause arguements, *Ortega* provides the relevant framework for the district court to conduct its analysis.

**CONCLUSION**

For the reasons set forth above, we reverse and remand for findings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**

12